John H. Pennock, J.
This was a motion at a Special Term of the court held in Albany County for summary judgment in favor of the petitioner directing respondents to issue a certificate as a certified public accountant to petitioner.
The facts show that the petitioner has passed all the required subjects for a certificate as a certified public accountant. However, the experience requirements of the petitioner were rejected by the Board of Examiners as unsatisfactory. This unusual situation of having passed all the required examinations without having complied with the experience requirements came about through a change in the order of the subjects given in the examination. It is now the petitioner’s position that he does not have to satisfy or comply with the experience requirements, that in his own particular case by the change in the order of the subjects, stated above, said requirements do not apply or at least in the instant case are waived. However, the record clearly indicates that the petitioner did not take this position until after the Board of Examiners twice rejected his proof of experience as unsatisfactory and a further appeal to the Commissioner was denied. The exhibits in the moving papers show that the petitioner not only tried to comply with the experience requirements but that it was necessary for him to so comply. The experience submitted by the petitioner was rejected on both occasions by the board as unsatisfactory. Even if the court arrived at a different conclusion than the board here it would Hot be warranted in substituting its judgment for the judgment of the board. In Matter of Elite Dairy Prods, v. Ten Eyck (271 N. Y. 488, 493) the court stated: “ Before a court may direct a license shall be issued, it must appear, as a matter of law, that no valid ground exists for its denial ”. Such is not the case here.
Petitioner’s contention is that the experience requirements do not apply to him because of the change in the manner in which the examination is given. He took part of the examination under the old rules and part of it under the new rules, passing all parts, therefore entitling him to a certificate as a certified public accountant. The court does not agree. There was no intent to waive the experience requirements, nor can any such intent be read into the changes in the regulations made in 1962. There is not anything in the record to show that the board or the Commissioner acted in an arbitrary or capricious manner, and therefore this court cannot interfere with their decision. (Matter of Marburg v. Cole, 286 N. Y. 202.)
Motion for summary judgment denied.